MJC2013R00013

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. RDB-15-086 |
| v. | : | |
| WILLIAM KRISTEN HATHAWAY, | : | (Failure to Account for and Pay Over Taxes, 26 U.S.C. § 7202; Theft from an Employee Benefit Plan, 18 U.S.C. § 664) |
| Defendant. | : | |

...oOo...

## INFORMATION

### COUNT ONE

(Failure to Account for and Pay Over Taxes)

The United States Attorney for the District of Maryland charges that:

**Introduction**

At all times relevant to this Information:

1. Baltimore Behavioral Health, Inc. ("BBH"), was a tax exempt organization under 26 U.S.C. § 501(c)(3) with its principal place of business located at 200 South Arlington Avenue, Baltimore, Maryland. BBH was engaged in the business of providing treatment to people with drug addictions and mental disorders. To carry out its business, BBH hired dozens of employees, including doctors, nurses, social workers, counselors, administrative staff and maintenance workers.

2. **WILLIAM KRISTEN HATHAWAY** ("**HATHAWAY**"), the defendant, was the Chief Executive Officer ("CEO") of BBH. As the CEO for BBH, **HATHAWAY** exercised significant control over many aspects of BBH's business affairs, including managing the company's financial accounts; supervising the human resources department; and overseeing the employee payroll process, which included calculating the withholding of taxes, contributing to

and maintaining employee benefit plans, and issuing payroll checks. **HATHAWAY** was an authorized signatory on the company's bank accounts.

3. The Internal Revenue Service ("IRS") is an agency of the United States Department of Treasury responsible for administering and enforcing the tax laws of the United States, and collecting the taxes that are due and owing to the Treasury of the United States by its citizens and businesses.

4. Pursuant to federal law, including the Federal Insurance Contributions Act ("FICA"), employers are required to deduct and collect certain taxes from their employees' wages, including income tax, social security tax and health insurance tax (Medicare), hereinafter collectively referred to as "payroll taxes," and to hold those payroll taxes in trust for the United States. The payroll taxes that are withheld from employees' wages are for the exclusive use of the federal government, and the employer is required to forward them to the IRS at prescribed intervals.

5. As the CEO for BBH, **HATHAWAY** had the duty and responsibility to collect, truthfully account for, and pay over to the IRS the payroll taxes of the company's employees. In furtherance of that duty, **HATHAWAY** was required to forward those payroll taxes to the IRS every two weeks and to file with the IRS each calendar quarter a Form 941, Employer's Federal Quarterly Tax Return, summarizing the amount of payroll taxes withheld.

6. Beginning in or about March 2009, and continuing thereafter until December 2011, **HATHAWAY** caused BBH to regularly deduct payroll taxes from all employees' wages totaling $2,495,779 without forwarding the withheld money to the IRS, choosing instead to spend it on company expenses, including **HATHAWAY**'s and other BBH officers' salaries.

## The Charge

7.     On or about June 30, 2009, in the District of Maryland,

**WILLIAM KRISTEN HATHAWAY,**

the defendant, did willfully fail to truthfully account for and pay over to the Internal Revenue Service on behalf of BBH employees approximately $344,112.26 in withheld payroll taxes due and owing to the United States of America for the second quarter of 2009.

26 U.S.C. § 7202

## COUNT TWO

(Theft from Employee Benefit Plan)

1. Introductory paragraphs 1 through 6 of Count One are realleged and incorporated herein by reference.

2. On or about January 2005, BBH established for its eligible employees a 403(b) retirement plan (the "Plan"), which was an employee pension benefit plan subject to Title I of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq* ("ERISA"). The Plan permitted employees, through payroll deductions, to contribute a portion of their wages to the Plan as elective salary deferrals ("employee contributions") on a pre-tax basis to fund their retirement benefits. BBH entered into an agreement with Lincoln Financial Group to serve as the custodian of assets for the Plan.

3. **HATHAWAY** served as a fiduciary for the Plan and assumed the responsibility to withhold employee contributions from paychecks and forward those contributions to Lincoln Financial Group, along with any matching employer contributions from BBH.

4. Between September 2009 and April 2010, **HATHAWAY** caused employee withholdings of $53,530.07 to be withheld as employee contributions from BBH employee paychecks, and such funds were to be transferred to the Plan account at Lincoln Financial Group. However, **HATHAWAY** knowingly and willfully failed to transfer those funds, choosing instead to divert those funds to pay company expenses without the employees' knowledge or consent.

## The Charge

5.  Beginning in or about September 2009 and continuing until in or about April 2010, in the District of Maryland,

**WILLIAM KRISTEN HATHAWAY,**

the defendant, did knowingly embezzle, steal, and unlawfully and willfully abstract and convert to his own use and to the use of BBH the approximate sum of $53,530.07 in funds of an employee pension benefit plan subject to Title I of ERISA.

18 U.S.C. § 664

3/3/15
Date

Rod J. Rosenstein
United States Attorney
District of Maryland